UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAVONEY DEVON ROBERTS,
    Plaintiff,

vs.                                              Case No.: 3:23cv9073/MCR/ZCB

KENNETH SUMPTER,
    Defendant.
                               /

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Currently before the Court is Defendant's motion to dismiss, to which Plaintiff has responded in opposition. (Docs. 19, 22, 24, 32). For the reasons below, the motion to dismiss should be granted.

### I.    Background

Plaintiff's second amended complaint alleges an Eighth Amendment deliberate indifference claim against Defendant Kenneth Sumpter, the Inspector General for the Florida Department of Corrections (FDOC).[1] (Doc. 11 at 12). The events alleged in the

---

[1] At the motion to dismiss stage, the Court assumes the factual "allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

1

complaint occurred when Plaintiff was an inmate at the Walton Correctional Institution (WCI). Upon intake at WCI, Plaintiff informed officials that he believed his life would be endangered if he "was placed in a cell with a[n] active prison gang member." (*Id*. at 5). According to Plaintiff, WCI officials ignored his concerns. (*Id*.).

On June 30, 2022, Plaintiff wrote a letter to the Chief Inspector General with the Office of the Governor. (*Id*.). On July 11, 2022, the Office of the Governor sent Plaintiff a response stating that his letter had been referred to the Office of the FDOC Inspector General, which is led by Defendant Sumpter. (*Id*. at 6, 19).

Plaintiff was later placed in a cell with an alleged active gang member, David Bram, who Plaintiff claims was designated as a "security threat." (*Id*. at 9). On August 6, 2022, at approximately 10:40 a.m., Plaintiff alleges Inmate Bram stabbed him several times with a knife. (*Id*.). Plaintiff was taken to the medical department and treated for the stab wounds. (*Id*. at 10). Plaintiff's wounds included three lacerations that required staples, one laceration that required sutures, and an avulsion that required application of skin adhesive. (*Id*. at 26).

In his second amended complaint, Plaintiff alleges that Defendant Sumpter failed to take appropriate action to protect him from the attack by Bram. According to Plaintiff, Defendant Sumpter "is responsible for investigating prison abuses . . . [and] assaults" and that he has the "ultimate responsibility for prisoners['] safety while in the exclusive care, custody, and control of the [FDOC] rules and safety protocol policies." (*Id.* at 8). Plaintiff says that Defendant Sumpter's lack of action in response to the letter that was forwarded to his office by the Office of the Governor's Chief Inspector General constituted deliberate indifference in violation of the Eighth Amendment. (*Id.* at 12).

## II.   Discussion

### A.   The motion to dismiss standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal if a complaint fails to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion to dismiss, a court must accept the complaint's allegations as true and construe the facts in the light most favorable to the plaintiff. *Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive dismissal, "[a] plaintiff must plausibly allege all the elements of the claim for relief.

3

Conclusory allegations and legal conclusions are not sufficient; the plaintiff[] must state a claim to relief that is plausible on its face." *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a motion to dismiss for failure to state a claim, the Court must consider the complaint in its entirety, as well as other sources that courts ordinarily examine when ruling on a 12(b)(6) motion—in particular, documents attached to a complaint or incorporated into the complaint by reference and matters of which a court may take judicial notice. *See Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) (determining that courts may consider evidence attached to a motion to dismiss if it is "referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity."). The pleadings of *pro se* litigants are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). But "[d]espite the leniency afforded *pro se* plaintiffs, the district court does

4

not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

### B. Plaintiff has failed to state an Eighth Amendment deliberate indifference claim against Defendant Sumpter.[2]

Defendant Sumpter argues that Plaintiff has failed to state a plausible deliberate indifference claim. "The Eighth Amendment 'imposes a duty on prison officials' to 'take reasonable measures to guarantee the safety of the inmates.'" *Caldwell v. Warden, Fla. Corr. Inst. Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Thus, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (cleaned up). But "a prison custodian is not the guarantor of a prisoner's safety." *Purcell v. Toombs Cnty.*, 400 F.3d 1313, 1321 (11th Cir. 2005) (quotation omitted). A prison official violates the Eighth Amendment "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th

---

[2] Although Defendant raises arguments for dismissal on other grounds, including a failure to exhaust administrate remedies, the Court finds it unnecessary to address those arguments because dismissal is warranted on the failure to state a claim argument.

Cir. 2003) (cleaned up).  This means that a plaintiff must show that a prison official "actually (subjectively) knows that an inmate is facing a substantial risk of serious harm." *Rodriguez v. Sec'y, Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007).  Because actual subjective knowledge is required, "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008).  The law is clear that "not . . . every injury suffered by one inmate at the hands of another . . . translates into a constitutional liability for prison officials."  *Carter*, 352 F.3d at 1349.  And "merely negligent failure to protect an inmate from attack does not justify liability under section 1983."  *Id.* at 1350 (cleaned up).

In his motion to dismiss, Defendant argues that Plaintiff has failed to plausibly allege that Defendant had actual subjective knowledge of a substantial risk of serious harm to Plaintiff.  The Court agrees.  Plaintiff alleges that he sent a letter to the Office of the Governor's Chief Inspector General,[3] and that office stated it forwarded the letter to the FDOC's Office of Inspector General.

---

[3] The Governor's Chief Inspector General is not responsible for FDOC investigations.  (Doc. 19 at 21).

Defendant is the Inspector General for the FDOC (i.e., the head of that office), and Plaintiff has failed to plausibly allege that Defendant personally received the letter, read the letter, or was otherwise personally made aware of its contents. Indeed, Plaintiff has acknowledged in his response to the motion to dismiss that Defendant "did not receive the Complaint Letter directly[.] [I]t was sent to the intake team where it was determined that the vague generalizations of being in 'fear of gang members' was not enough to rise to the level of an imminent threat." (Doc. 22 at 10). Plaintiff has not alleged that Defendant—the actual FDOC Inspector General who leads the entire office—was a member of the intake team that reviews inmate complaint letters, nor that the intake team members alerted Defendant about the safety concerns Plaintiff raised in his letter.[4] Nor has he alleged any other

---

[4] From Plaintiff's response, it appears Plaintiff is seeking to hold Defendant individually liable for the intake team's actions because of his role as a supervisor. (*See, e.g., id.* at 21) ("[B]ecause of his supervisor authority decision (sic) to initiate a prison investigation into [P]laintiff['s] credible threats . . . demonstrate the Defendant was deliberate[ly] indifferent to [P]laintiff's safety."). But "[t]he standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (cleaned up). "A claim based on supervisory liability must allege that the supervisor: (1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed

7

factual basis for concluding that Defendant himself had personal knowledge of the contents of Plaintiff's letter such that he could be held individually liable for failing to take action.

"Simply put, the allegations of [Plaintiff's] complaint do not show the requisite subjective knowledge of a risk of serious harm [by Defendant], and, thus, do not state a claim for deliberate indifference resulting from a failure to protect." *See Murphy v. Turpin*, 159 F. App'x 945, 948 (11th Cir. 2005) (affirming dismissal of a deliberate indifference claim against a prison official); *see also Johnston v. Crosby*, 135 F. App'x 375, 377 (11th Cir. 2005) (rejecting a deliberate indifference claim because the plaintiff failed to show that the defendants "had subjective knowledge of the risk of serious harm presented" by the inmates who harmed the plaintiff). Accordingly, dismissal is warranted.

---

his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009). Here, Plaintiff "did not allege that [Defendant] directed anyone to break the rules or that [Defendant] knew anyone would do so." *See id.* Nor does Plaintiff allege any custom or policy of Defendant that caused his alleged constitutional violation. *See id.* Thus, Plaintiff's allegations fail to meet the "extremely rigorous" standard for holding Defendant individually liable for the acts of his subordinates.

## III.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendant's motion to dismiss (Doc. 19) be **GRANTED**;

2. All pending motions be **DENIED** as moot; and

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 12th day of April 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.